*Held,* That the Circuit Judge properly suppressed it. · The notice did not come regularly from the solicitor.

The evidence of the defense being properly suppressed the Court below had no discretion but to give decree for the amount of the mortgage. But the decree actually made having been too great, it must be reversed and the cause remanded, with direction to enter a decree in accordance with these views. A reference is ordered for the purpose of accounting.

---

## GEORGE H. RUSSELL *vs.* JAMES A. SWEEZEY.

A grantee of lands having notice of a prior unrecorded deed of such lands is not a *bona fide* purchaser as against such deed and title.

A deed is not void for uncertainty of description because it does not expressly specify that the land is in this State, where the circumstances clearly indicate the situation and location of such land.

Error to Barry Circuit.

*Opinion by* GRAVES, J.—Plaintiff in error brought action of ejectment against Sweezey for a certain tract of land in Barry County. The case was tried by a jury, who returned a verdict for the defendant, upon which judgment was entered; It appeared on the trial that one Hosea B. Huston obtained a patent from the United States in May, 1839. Plaintiff proved that the patentee. died

at Kalamazoo in 1849, leaving Mary A. Huston, his widow, and three children sole heirs at law. He also gave in evidence the record of a deed for the lands described in the patent, bearing date January, 1867, and executed by the aforesaid widow and heirs of Huston to plaintiff. Defendant offered in evidence the record of a deed bearing date September, 1847, from the patentee and his wife to Nathaniel M. Brown, purporting to convey the above described tract. This deed appears to have been acknowledged before a Justice of the Peace, and to have been executed in the presence of the acknowledging officer, who signed it as a subscribing witness. It was placed on record July 10, 1869. The admission of this record as evidence in the case was objected to by the plaintiff on two grounds First, that the deed was not recorded until after the commencement of this suit, and second, that being unrecorded at the time of the purchase by the plaintiff, it was void as against the prior recorded title of the latter. The evidence was admitted and the plaintiff excepted.

After a full review and discussion of the facts in the case, the Court concluded that it appeared on the trial beyond doubt, as it appears on the record, that when Russell purchased, and when he got his deed, he had notice of the prior unrecorded deed of Brown, and of Sweezey's title, and hence he was not a *boua fide* purchaser as against such deed and title.

Upon the argument, plaintiff's counsel contended that this deed to Brown was void for uncertainty of description, because it did not expressly specify that the land was in this State.

*Held,* That there is no force in the objection. The grantor in that deed was the patentee of this land, and he is described in the deed as a resident of the county of Kalamazoo, which adjoins that in which this land is situated. The grant was executed and acknowledged in the county of Kalamazoo, and before an officer of the county. The grantor is not shown to have been in any other State or to have owned any other land... The patent specified the land as being in the district of lands subject to sale at Kalamazoo, Mich, and the description in the deed in respect to the section, and the subdivision of it, and also in respect to the township and range, agrees with the patent.

The case made on the trial was so clear and complete against the

plaintiff that it would not have been error if the Court had directed the jury to find for the defendant.

The judgment must be affirmed with costs.